337 A.2d 812.

ELEANOR T. BLACK *vs.* ALBERT F. WIESNER, JR., *Executor u/w of* ALBERT F. WIESNER.

MAY 19, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. On August 17, 1973, this court filed its opinion in the case of *Black* v. *Wiesner,* 112 R. I. 261, 308 A.2d 511 (1973). We therein held that the trial justice had erred in finding that the respondent had established by clear and convincing evidence that a gift in praesenti had been made by a decedent to the respondent of stock in the possession of Rhode Island Hospital Trust Bank on November 20, 1961. We thereupon concluded that the stock held by the bank was property of the decedent and should be included in the inventory of the estate filed by the executor, and we remanded the case to the Superior Court with direction to enter a new order in accordance with the opinion thus rendered. The revised order was presented to the court by the complainant and, upon objection by the respondent, the trial justice struck from the revised order paragraphs four and five and then entered the order.[1] From the entry

---

[1]The original order entered on January 7, 1972, by the Superior Court contained only one provision really pertinent to the issue here. In paragraph three thereof the executor of the estate was directed to pay counsel for the complainant "* * * the sum of $2500.00 as full payment of legal fees and costs involved in representing the complainant, Eleanor T. Black * * *."

The revised order, as approved, contained, in substance, in paragraph two the provisions of paragraph three of the original order relating to the payment of fees to counsel for the complainant. The revised order entered on December 12, 1973, contained also two provisions which were stricken by the trial justice. Paragraph four thereof directed that the executor of the estate "* * * pay Eldridge H. Henning, Jr., a legal fee in the sum of          and costs in the sum of * * * for services rendered subsequent to January 7, 1972, in successfully prosecuting the appeal to the Supreme Court." Paragraph five directed the executor to "* * * file an amended probate inventory and pay all fees and costs assessed herein within thirty (30) days from the date of the entry of this Order."

of this order the complainant is now prosecuting an appeal to this court, and the respondent is prosecuting a cross-appeal.

The only issue with which we should be concerned is whether the trial justice erred in striking paragraph four from the revised order before its entry. In so doing the trial justice expressed his opinion that the fixing of the fees for services rendered to complainant subsequent to January 7, 1972, was a matter within the jurisdiction of the Probate Court pursuant to G. L. 1956 (1969 Reenactment) §33-18-19. The complainant, however, argues that the trial justice had assumed such jurisdiction in fixing the fees to be paid to complainant's counsel for services rendered prior to January 7, 1972. Directing our attention to the doctrine of the "law of the case," she argues that the court was required to proceed to similarly fix the fees for legal services rendered complainant subsequent to that date. We are unable to concede that there is merit to this contention.

It is obvious that jurisdiction to fix fees in circumstances involving the estates of decedents is in the Probate Court. It is true that here the trial justice did fix fees to be paid to complainant's counsel for services rendered up to the time of the entry of the decree of January 7, 1972. However, it does not appear from the record that either complainant or respondent raised any question as to the propriety of this action on the part of the trial justice. It may well be that they accepted and agreed to the amount so awarded. Further, the record indicates that neither party in this court appealed from the action of the trial justice in fixing the fees and costs as he did. In all of these circumstances, we feel it is unnecessary for us to review the action of the trial justice in fixing the fees to be paid complainant's counsel for services rendered prior to January 7, 1972.

We turn, then, to the question whether the trial justice erred in striking paragraphs four and five from the revised

order prior to its entry. We think not. We reiterate our view that §33-18-19 clearly vests the Probate Court with jurisdiction to fix fees and costs for services rendered to the estates of decedents. The intent of that statute is clear. Its language is plain and unambiguous and warrants no effort to construe it on the part of the court.

Therefore, we conclude that the matter of such fees should be submitted to the appropriate Probate Court for a determination by that court as to the justification for such fees and in what amount. We add that the respondent agreed in open court that he would not object to the filing out of time of a motion by the complainant in the appropriate Probate Court for the fixing of fees for the services rendered after January 7, 1972.

The cross-appeal of the respondent is denied pro forma; the appeal of the complainant is denied and dismissed; the order of the trial justice is affirmed; and the cause is remanded to the Superior Court for such further action as the complainant may undertake consistent with this opinion.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for complainant.

*F. Albert Starr,* for respondent.