## In re ESTATE OF Aimee LAGASSE, William Perreault, Guardian of Person and Estate.

### No. 97–530–Appeal.

Supreme Court of Rhode Island.

Oct. 23, 1998.

Christine L. McBurney; Richard E. Kyte, Jr., Woonsocket, Luc R. Labrosse, Central Falls, Robert H. Larder, Woonsocket.

Aime Lagasse, Pro se, William G. Savastano, Smithfield.

### ORDER

This case comes before us pursuant to an Order of this Supreme Court directing both parties to appear and show cause why the issue raised by this appeal should not be summarily decided. On October 7, 1998 the parties were heard. Having reviewed and considered the memoranda of counsel as well as their arguments advanced at hearing, we conclude that cause has not been shown and the case will be summarily decided at this time.

Regina LaChance (Regina), the appellant here, is the sister of Aime Lagasse. Aime is presently under guardianship pursuant to an order of the North Smithfield probate court. The guardian of his person and estate is the appellee, William Perreault (Perreault).

On November 14, 1994 Regina's attorney, who had represented her in various proceedings in the North Smithfield probate court

challenging Perreault's actions as guardian, was awarded counsel fees totaling $18,990 by the probate judge in that court. Perreault appealed the counsel fee award order to the Superior Court. In the Superior Court, Perreault moved for summary judgment contending that the probate judge exceeded his authority in granting the counsel fee. One Superior Court justice denied Perreault's motion, a second later granted the motion. The first justice did not err, the second did.

The single issue presented in this appeal is whether a probate court may award counsel fees to someone legally interested in the estate of a decedent or incompetent and who has instituted or intervened in a suit or probate proceeding that the probate judge finds to have been necessary for the protection of the particular probate estate.

We conclude that G.L.1956 § 33–18–19 vests the Probate Court with jurisdiction to award counsel fees for services rendered to the estate of decedents or incompetents. *Black v. Wiesner*, 114 R.I. 609, 337 A.2d 812, 814 (R.I.1975). Whether the requisite findings necessary to trigger that authority existed in this case were questions of material fact that should have been decided at trial and not on motion for summary judgment. *Boland v. Town of Tiverton*, 670 A.2d 1245, 1248 (R.I.1996).

Regina's appeal is sustained. The summary judgment entered below is vacated and this case is remanded to the Superior Court for further proceedings.